# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-0463V
(not to be published)

| | |
|---|---|
| ROBERT PAYNE, on behalf of ESTATE OF WANDA PAYNE,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: June 28, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Gil L. Daley, II*, Law Office of Gil L. Daley, II, P.C., Fort Worth, TX, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 20, 2020, Robert Payne, on behalf of the Estate of Wanda Payne filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Wanda Payne suffered a shoulder injury and untimely demise due to Guillain-Barré syndrome ("GBS") resulting from an influenza vaccine received on or about October 9, 2017. Petition, ECF

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

No. 1. On January 26, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 73.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $47,939.68 (representing $40,176.20 for attorney's fees; $1,988.48 in costs; and $5,775.00 in expert fees). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed May 10, 2023, ECF No. 77. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. Attachment to Motion at 30.

Respondent reacted to the motion on May 11, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 78. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl.

2

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for work performed through the end of 2021 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $467 for work performed in the 2022-23 timeframe by attorney Gil L. Daley, II. Motion at 2. This rate requires adjustment.

Mr. Daley has been a practicing attorney since 1996, placing him in the range of attorneys with 20-30 years' experience in the OSM Attorney Forum Hourly Rate Schedule.[3] Additionally, Mr. Daley has over 14 years' experience in the Vaccine Program. Motion at 1-2. In light of Mr. Daley's overall experience, I find that it is reasonable to compensate Mr. Daley at the lesser rate of $427 (representing a $102 dollar increase from his prior rate) for his time billed in the 2022-23 period. While this is less than requested, I do not usually approve such large hourly rate increases as a general matter, and the requested increase is too high. (Counsel is admonished that future requests for hourly rate increases be more in line with what is normally approved in the Vaccine Program). This results in a reduction of attorney's fees to be awarded of **$1,144.00.**[4]

Lastly, Petitioner requests $7,763.48 in overall costs. (representing $1,988.48 in attorneys' costs and $5,775.00 in expert fees incurred by Dr. Lawrence Steinman, M.D.). Motion at 9. Dr. Lawrence Steinman, M.D., reviewed medical records and prepared an extensive report on Petitioner's GBS injury. I have reviewed Mr. Steinman's billing records and find that the hours billed (10.50) and the hourly rate of $550 are reasonable for his work in this matter, and consistent with our prior determinations. Attachment to Motion at 22.

The other requested costs are reasonable, with the exception of $302.91 in costs that have not been substantiated with supporting documentation. Attachment to Motion

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] This amount consists of ($467 - $427 = $40 x 28.60 hrs. = $1,144.00).

at 9-22. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, the unsubstantiated costs will not be reimbursed. This reduces the attorneys' costs to be awarded by **$302.91.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$46,492.77 (representing $39,032.20 for attorney's fees and $7,460.57 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Gil L. Daley, II.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4